WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
Eric J. Firstman – 111534
Michael J. Higgins – 151549
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone: (510) 835-9100
Facsimile: (510) 451-2170

OFFICE OF THE CITY ATTORNEY, CITY OF ALAMEDA
Teresa L. Highsmith – 155262
Alameda City Hall
2263 Santa Clara Avenue, Rm. 280
Alameda, CA 94501
Telephone: (510) 747-4750
Facsimile: (510) 747-4767

Attorneys for Defendant
City of Alameda

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VECTREN COMMUNICATIONS SERVICES, an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA,<br><br>Defendant. | No. C 08-03137 SI<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FED. R. CIV. P. 12(b)(6)]**<br><br>**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        October 3, 2008<br>Time:       9 a.m.<br>Courtroom:  10, 19th Floor<br>Honorable Susan Illston |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 3, 2008, at 9 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, defendant City of Alameda will move the Court to dismiss plaintiff's "First

Claim for Relief, Breach of Contract."

Plaintiff's Complaint, in its first claim for relief fails to state a claim upon which relief can be granted, because compliance with, or excuse for non-compliance with, the California Government Claims Act claims requirements is a substantive element of plaintiff's claim for relief for breach of contract and plaintiff's Complaint fails to allege facts sufficient to establish that element of its claim. Accordingly, defendant City of Alameda moves this Court for an order dismissing plaintiff's first claim for relief.

Defendant City of Alameda will base the motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto and filed herewith, on the pleadings and papers filed in this action (including the Complaint plaintiff filed on June 30, 2008), and on three letters described in, summarized in, and partially quoted in paragraphs 44-48 of plaintiff's Complaint. Those three letters are central to plaintiff's failed attempt to assert that it complied with the California Government Claims Act claims requirements. Those three letters are authenticated in the Declaration of Eric J. Firstman, filed herewith, and are attached to that Declaration as Exhibits "A," "B" and "C."

DATED: July 21, 2008

                Respectfully Submitted,

                WULFSBERG REESE COLVIG & FIRSTMAN
                PROFESSIONAL CORPORATION


                By   /S/ Michael J. Higgins
                   MICHAEL J. HIGGINS
                   Attorneys For Defendant
                   City of Alameda

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................4

I.    INTRODUCTION ...................................................................................................................5

II.    STATEMENT OF FACTS .....................................................................................................5

    A.    The Telecom System Contracts and Vectren's Assertion That It First Became Aware of Its Disputes with the City in April 2007. ................................................5

    B.    Vectren's Failure to File a Claim under the Government Claims Act. ......................7

        1.    Vectren's August 29, 2007, invoking the "30-day cure" provision of the parties' contracts. ....................................................................................7

        2.    Vectren's October 12, 2007, letter proposing settlement discussions. ...........8

        3.    Vectren's failure to allege that it complied with the Government Claims Act claim requirements before filing this lawsuit against the City. ........................9

III.    ARGUMENT ...........................................................................................................................9

    A.    Legal Standard Under Rule 12(b)(6) ..........................................................................9

    B.    Compliance With, Or Excuse From Complying With, the Claims Requirements of the Government Claims Act Is a Substantive Element of Vectren's Claim for Damages Against the City. ...................................................................................10

    C.    Vectren Essentially Admits that It Did Not Comply, Indeed that It Made No Effort Whatsoever to Comply, With the Strict Government Code Claims-Presentation Requirements. ..............................................................................................................11

    D.    Vectren's August 2007 and October 2007 Do Not Satisfy the Government Code Claims-Presentation Requirements. ........................................................................12

        1.    Vectren's letters did not "substantially comply" with the Government Code claims-presentation requirements. ..................................................................13

        2.    Vectren's letters did not constitute a "claim as presented." ...........................14

    E.    This Court Should Dismiss Vectren's First Claim for Relief for Breach of Contract Without Leave to Amend and With Prejudice. ..........................................................15

IV.    CONCLUSION .....................................................................................................................16

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anderson v. Clow,* 89 F.3d 1399 (9th Cir. 1996)......................................................................6, 9, 10

*Display Research Labs. Inc. v. Telegen Corp.*, 133 F. Supp. 2d 1170 (N.D. Cal. 2001) ...................9

**CALIFORNIA CASES**

*Alliance Financial v. City & County of San Francisco*, 64 Cal.App.4th 635 (1998).......................14

*City of San Jose v. Superior Court*, 12 Cal.3d 447 (1974) ......................................................5, 10, 13

*City of Stockton v. Superior Court*, 42 Cal.4th 730 (2007) ..................................................5, 10, 12, 14

*Del Real v. City of Riverside,* 95 Cal.App.4th 761 (2002) ............................................11, 13, 14, 15

*Macy's Dept. Stores, Inc. v. City & County of San Francisco*, 143 Cal.App.4th 1444 (2006).........11

*Schaeffer Dixon Assocs. v. Santa Ana Watershed Project Authority*, 48 Cal.App.4th 524 (1996) .13, 14, 15

*State of Calif. v. Superior Court ("Bodde"),* 32 Cal.4th 1234 (2004)...................................5, 10, 11

*Wood v. Riverside General Hosp.*, 25 Cal.App.4th 1113 (1994) ........................................11, 13, 14

**FEDERAL STATUTES**

Government Code § 900................................................................................................................10

Government Code § 905.........................................................................................................9, 10, 12

Government Code § 910.8..............................................................................................................14

Government Code § 911.................................................................................................................14

Government Code § 911.2.......................................................................................................5, 10, 15

Government Code § 912.4.........................................................................................................13, 14

Government Code § 915..................................................................................................11, 12, 13, 14

Government Code § 945.4........................................................................................................10, 16

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

CITY OF ALAMEDA'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF [RULE 12(b)(6)] AND POINTS AND AUTHORITIES IN SUPPORT
1883-002\2217515.4

# I. INTRODUCTION

The City of Alameda ("City") brings this motion to dismiss the First Claim for Relief for breach of contract, and any other potential claim for damages, due to the Plaintiff's failure to allege compliance with the California Government Code. The City requests dismissal with prejudice because the face of the Complaint shows that a Government Code claim has not been filed, and any attempt to do so now would be barred by the one-year statute of limitations of Government Code Section 911.2 that applies to breach of contract claims against California public entities.

The City brings this motion in reliance upon California statutes and California Supreme Court decisions, including *State of Calif. v. Superior Court ("Bodde")*, 32 Cal.4th 1234, 1237 (2004), firmly establishing that compliance with the Government Code is an essential element of a plaintiff's cause of action against a local public entity for money or damages, i.e., a matter of substantive state law and controlling in this diversity action.

A Government Code claim, submitted properly to a public entity's governing body, gives clear notice of an actual, specific claim against the public entity, and sets in motion the governmental action necessary to take the final steps appropriate to protect the public fisc. As the California Supreme Court repeatedly explains: "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974); *City of Stockton v. Superior Court*, 42 Cal.4th 730, 738 (2007).

Plaintiff in its complaint in this action does not, because it cannot, allege that it complied with the Government Code claims-presentation statutes. As a result, Plaintiff's claim against the City for breach-of-contract damages fails to state a claim upon which relief can be granted. That claim must be dismissed.

# II. STATEMENT OF FACTS

### A. The Telecom System Contracts and Vectren's Assertion That It First Became Aware of Its Disputes with the City in April 2007.

In 1999, Vectren Communications Services ("Vectren") entered into an agreement with the City of Alameda to build and manage a telecommunications system ("Telecom System") for the City. (Cmplt. at 1:25-2:5, 3:22-27, ¶¶ 2 & 12.) Vectren started construction, but stopped in 2002

CITY OF ALAMEDA'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF [RULE 12(b)(6)] AND POINTS AND AUTHORITIES IN SUPPORT
1883-002\2217515.4

when the parties agreed that the City would finish the work and manage the Telecom System when it was done. (*Id.*) Prior to the 2002 transaction, Vectren held the right to operate and manage the Telecom System. (*Id.*) In 2004, the parties again renegotiated and amended their related agreements. (*Id.* at 5:1-13, ¶¶ 18-20.)

Vectren's action in this case primarily concerns the "Installment Sales Agreement," as amended by the parties in 2004 ("the IS Agreement"). (*See id.*) The IS Agreement provides for "scheduled annual installments payable from net revenues of the Telecom System through June 2009" of $6.3 million, plus interest. (*Id.* at 2:3-5, ¶ 2.) Against these annual installments, as of May 2008, Vectren alleges that it has received:

- $155,000 in 2004
- $0 in 2005
- $0 in 2006
- $0 in 2007; and,
- $38,665.04 in 2008.

(*Id.* at 9:19-23, ¶ 36.)

Under Vectren's self-serving, incomplete version of the facts, Vectren first became aware of the essential "breach of contract" events in April 2007, when it received a copy of a consulting report analyzing the Telecom System. (*See* Cmplt., at 10:16-11:2, ¶¶ 40-42; *see also* Firstman Decl., filed herewith, Ex. A, at 2, fourth full paragraph.)[1]  While not credible on its face,[2] even

---

[1] Exhibits A, B and C to the Firstman Decl., filed herewith, are true and correct copies of the letters described in paragraphs 44-48 of Vectren's complaint. (See Cmplt., at 11:10-12:9; see also Firstman Decl., submitted herewith, ¶¶ 2-4.) Those letters are material to the substance of Vectren's claims. (See pp. 10-15, below.) On a motion to dismiss under Rule 12(b)(6), the Court may consider documents described in, but not attached to, the complaint. *Anderson v. Clow*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

[2] Vectren's complaint offers no explanation of why it did not have notice of its alleged "cause of action" earlier, given any of the following:

(1)    The City's alleged short payments in 2004 and 2008, and non-payment in 2005, 2006, and 2007, of the "scheduled annual payments," which the complaint admits (Cmplt., ¶ 36);

(2.)    The City's annual budgeting and financial reporting, all adopted and developed in a public process, in public records, that addressed all aspects of the Telecom System (*see, e.g.,* ;

(continued…)

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

Vectren's deceptively truncated version of the facts fails to save the Complaint from its fatal defects.

### B. Vectren's Failure to File a Claim under the Government Claims Act.

#### 1. Vectren's August 29, 2007, invoking the "30-day cure" provision of the parties' contracts.

On August 29, 2007, Vectren's legal counsel hand delivered a letter to two people: (1) to the trustee for a group of investors in the Telecom System, and (2) to Mr. Girish Balachandan, the General Manager of the City's Power & Telecom department.[3] (Cmplt., at 11:10-13, ¶ 44; Firstman Decl., Ex. A.)  Vectren addressed the letter only to those two people. (Ex. A.)  Vectren does *not* allege (*because it cannot*) that it delivered the August 29, 2007, letter to anyone else affiliated with the City or the City government. (Cmplt., *passim*.)

Vectren admits that the letter did not threaten immediate litigation,[4] but that it notified Mr. Balachandan that Vectren asserted a default in certain covenants, and that, in Vectren's view, the City had thirty (30) days to "cure the default, or otherwise all sums owed with default interest to VCS would be immediately due per the parties' agreements." (Cmplt., at 2:11-15, ¶ 3.)  The August 29 letter did not mention the California Government Code or purport to be a "claim." (Firstman Decl., Ex. A, generally.)  Instead, the letter referred only to contract-based obligations,

---

(…continued)
http://www.alamedapt.com/newsroom/reports/cafr2006.html);

    (3.)    The fact that Vectren received quarterly reports of all aspects of the Telecom System, knew all facts alleged at all times;

    (4.)    The fact that Vectren designed, built and prepared the business plans for the Telecom System, was the supposed expert, and knew the implications and ramifications of the quarterly reports/annual budgets and business plans, better than anyone else including any later City-engaged outside consultants; and

    (5.)    Perhaps most important, the well-known fact that the City encountered fierce competition from cable giant Comcast.

If Vectren's breach of contract claim were to go forward, a statute of limitation defense based on these currently "hidden" facts likely would dispose of the claim on summary judgment.

[3] *See* http://www.alamedapt.com/aboutus.

[4] In fact, the August 29 letter began by notifying *the investors' trustee*, "in anticipation of litigation." (Firstman Decl., Ex. A, at 1, first full paragraph, and at 2, generally.)

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  and concluded by invoking the default notice and 30-day cure provisions in the parties' contract:

2        ***The ISA [IS Agreement] provides Alameda P&T a 30-day period to cure the breaches identified herein*** . . . .

3

4        As owner of all of the Series 2002A Certificates VCS [Vectren], ***subject to the cure rights of Alameda P&T***, will pursue all available remedies directly.

5        VCS is willing to meet with the Secured Parties [the investors] to discuss these matters prior to instituting litigation with respect to the remedies that flow from an uncured breach. . . .

6

7  (Firstman Decl., Ex. A., at 3 (emphasis added).)  Vectren itself calls the August 29, 2007 letter a

8  "Notice of Default," not a claim, and describes the "notice" as a warning to the City's Power and

9  Telecom Department that Vectren could take certain actions, "***absent cure*** by Alameda P&T

10  ***within 30 days***."  (Cmplt., at 11:10-16, ¶¶ 44-45 (emphasis added).)

11      Consequently, even under Vectren's version of the facts, the August 29, 2007 letter is not a

12  threat of imminent litigation, it is the commencement of contractual procedures that when

13  concluded, may result in a threat of litigation based upon the result of the contractual procedures

14  yet to unfold.  Stated differently, the August 31 letter was not a document that anyone could take

15  action upon to settle a claim, as by its terms it had to await the unfolding of events yet to come.

16          **2.**    ***Vectren's October 12, 2007, letter proposing settlement discussions.***

17      On September 28, 2007, the City's outside counsel responded to Vectren's August 29

18  letter, explaining in detail the City's total disagreement with Vectren's position.  (Firstman Decl.,

19  Ex. B; Cmplt., at 11:18-19, ¶ 46.)  In a letter dated October 12, 2007, Vectren responded to the

20  City's outside counsel.  (Cmplt., at 11:25-26; Firstman Decl., Ex. C.)  The City's outside attorney

21  was the only person affiliated with the City to whom Vectren addressed and faxed the October 12,

22  2007, letter.  (*Ibid.*)  Vectren does ***not*** allege (***because it cannot***) that it delivered the October 12,

23  2007, letter to anyone else affiliated with the City or the City government.  (Cmplt., *passim*.)

24      In the October 12, 2007, letter Vectren's attorney characterized the original "Notice of

25  Default" August 29, 2007, letter in this way:  "The August 29 notice letter is a prerequisite to

26  perfection of contractual remedies affecting multiple parties, . . . ."  (Firstman Decl., Ex. C, first

27  full paragraph.)  The October 12, 2007, letter does not mention the Government Code, nor does it

28  purport to be any sort of "claim."

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

### 3. *Vectren's failure to allege that it complied with the Government Claims Act claim requirements before filing this lawsuit against the City.*

In its complaint, Vectren does ***not*** allege (***because it cannot***) that it ***ever*** filed a formal Government Code claim with the City, let alone delivered such a claim, pursuant to California Government Code sections 905 *et seq.,* to any of the persons expressly identified, in section 915, as the proper recipient of such a claim. (Cmplt., *passim*.)  Vectren does not allege that it filed a Government Code claim following non-payment or short-payment of the scheduled annual installments, upon receipt of the City's business plans or reports, or upon publication of the City's financial reports. (See fn. 2, above.)  Vectren does not allege that it filed a formal Government Code claim, ***ever***.

Instead, in vague and conclusory fashion Vectren merely alleges that the August 29, 2007, and October 12, 2007, letters somehow "satisfied Government Claims Act requirements." (Cmplt., at 12:5-9, ¶ 48.)  As shown below (pp. 12-15), as a matter of law those two letters cannot come close to fulfilling the Government Code claims requirement.

On June 30, 2008, without first filing a formal Government Code claim with the City of Alameda, Vectren filed its complaint.  Vectren's "First Claim for Relief, Breach of Contract" seeks money damages of some $9.1 million. (Cmplt., at 12:24-27, ¶ 54.)

## III. ARGUMENT

### A. Legal Standard Under Rule 12(b)(6)

Under Rule 12(b)(6), a District Court must dismiss a purported claim that in fact fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Display Research Labs. Inc. v. Telegen Corp.*, 133 F. Supp. 2d 1170, 1173 (N.D. Cal. 2001).  The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Display Research Labs.*, 133 F. Supp. 2d at 1173.  "Conclusory allegations," however, "are insufficient to state a claim for purposes of a Rule 12(b)(6) motion.  *Id.* at 1176; *accord Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996).  In particular, "conclusory allegations of law and unwarranted inferences are insufficient" to defeat a Rule 12(b)(6) motion.  *Anderson*, 89 F.3d at 1403.

On a Rule 12(b)(6) motion, the Court, of course, looks to the allegations of the complaint, but the Court also may consider the full text of documents referred to or partially described or quoted in the complaint. *Id.* at 1405 n.4 ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss") (citations omitted).

Central to Vectren's breach of contract claim for damages are three letters between attorneys for the parties that Vectren partially describes and quotes in paragraphs 44 through 48 of the Complaint. See Cmplt., at 11:10-12:9. The City has submitted those three letters in support of this motion, as Exhibits A, B and C, to the Firstman Declaration, filed herewith.

Vectren alleges, with a vague, conclusory citation to a California Supreme Court decision, that Exhibits A and C somehow "satisfy Government Claims Act requirements" under California law. Cmplt., at 12:5-6, ¶ 48. Vectren's conclusory allegations are insufficient to state facts necessary to support one crucial element of its claim for breach of contract—namely, that Vectren complied with the California Government Code claims-presentation requirements before filing this action. (*See* pp. 10-11, below.) Additionally, as review of the Vectren letters further establishes, Vectren ***cannot*** allege those crucial facts. (*See* pp. 12-15, below.)

### B. Compliance With, Or Excuse From Complying With, the Claims Requirements of the Government Claims Act Is a Substantive Element of Vectren's Claim for Damages Against the City.

"Government Code section 900 et seq. establishes certain conditions precedent to the filing of a lawsuit against a public entity." *State of Calif. v. Superior Court ("Bodde"),* 32 Cal.4th 1234, 1237 (2004). "[A] plaintiff must timely file a claim for money or damages with the public entity." *Id.* (citing Gov. Code § 911.2).

As to local public entities, except for twelve narrow exceptions not pertinent here, a claim "shall be presented" for "***all*** claims for money or damages," including claims for breach of contract damages. Gov. Code § 905 (emphasis added); *Stockton v. Superior Court*, 42 Cal.4th 730, 740 & 742 (2007). "The failure to [present a claim] bars the plaintiff from bringing suit against that entity." *Bodde*, *supra*, 32 Cal.4th at 1237 & 1240; *see generally* Gov. Code § 945.4. "Compliance with the claims statutes is mandatory . . . and failure to file a claim is fatal to [a] cause of action."

1  *City of San Jose v. Superior Court*, 12 Cal.3d 447, 454 (1974) (citations omitted).

2  Moreover, failure to file a timely claim is not merely a jurisdictional defect. *Bodde,* 42 Cal.4th at 1239 fn. 7. Rather, compliance with the claims-presentation conditions precedent to suit is ***an element of a claim for relief*** for money or damages against the public entity. *Id.* at 1240-41[5] & 1243-45; *see Macy's Dept. Stores, Inc. v. City & County of San Francisco*, 143 Cal.App.4th 1444, 1459 (2006) (noting that in *Bodde* the California Supreme Court "reiterated the principle that compliance with the claim presentation requirement was an element of a cause of action against a public entity"). Accordingly, a complaint alleging a claim for money or damages against a public entity that fails to state facts sufficient to establish either compliance with, or excuse from complying with, the claims-presentation requirements should be dismissed for failure to state facts sufficient to constitute a claim for relief. *Bodde*, 32 Cal.4th at 1245 (holding that a complaint in California state court is subject to dismissal on demurrer for failure to allege claims-presentation compliance).[6]

### C. Vectren Essentially Admits that It Did Not Comply, Indeed that It Made No Effort Whatsoever to Comply, With the Strict Government Code Claims-Presentation Requirements.

Section 915 of the Government Code provides that a claimant must submit a claim for money or damages against a City (or other local public entity) by "(1) [d]elivering it to the clerk, secretary or auditor" of the City, or by "(2) [m]ailing it to the clerk, secretary, auditor, or to the governing body at its principal office." Gov. Code § 915(a). The governing body of the City of Alameda is the City Council. *See* http://www.ci.alameda.ca.us/gov/overview.html.

---

[5] Citing, with approval, *Del Real v. City of Riverside*, 95 Cal.App.4th 761, 767 (2002) and *Wood v. Riverside General Hosp.*, 25 Cal.App.4th 1113, 1119 (1994).

[6] The public policy of the claims statutes – to permit public bodies to plan their fiscal affairs – is aptly demonstrated here. Vectren has sat idle for years, observing operations of the Telecom System, receiving reports and with the Telecom System operations all matters of public record, with full knowledge of all material economic aspects of the Telecom System and that the City has not made installment payments. Now, near the end of the term when the City is exploring a sale, Vectren asserts the unmeritorious and stale claims at issue here, now asserting for the first time that the facts it has had full knowledge regarding for at least five years are a breach of contract, seeking $9 Million.

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

11
CITY OF ALAMEDA'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF [RULE 12(b)(6)] AND POINTS AND AUTHORITIES IN SUPPORT
1883-002\2217515.4

Vectren's Complaint does not (and, in fact, cannot) allege that Vectren, or anyone representing Vectren, delivered or mailed any sort of "claim" to any of the persons or entities identified in Government Code section 915. Vectren instead admits that it merely sent letters to two persons *who do not* fall into any of the categories listed in section 915(a)—one letter went to the administrative general manager of a City department, and the other letter went to outside counsel for the City. Vectren does not (and, again, cannot) allege that either of those persons was authorized to accept Government Code claims for the City.

Accordingly, on the face of it, Vectren's claim for relief for breach of contract is subject to dismissal because it does not state facts sufficient to establish an essential element of the claim. Vectren's complaint, of course, demonstrates that in an attempt to avoid such a dismissal, Vectren intends to make the legal argument that the two letters whose contents it describes in the Complaint somehow "satisfy" the claims-presentation requirements. Vectren will be wrong, as a matter of law. Those two letters do not cure the fatal flaw in Vectren's breach of contract claim.

### D. Vectren's August 2007 and October 2007 Do Not Satisfy the Government Code Claims-Presentation Requirements.

Vectren's complaint vaguely alleges that:

> The letters of August 29 and October 12 satisfy Government Claims Act requirements of placing Alameda P&T on full notice that litigation might ensue if it did not perform the breached IS Agreement, thus facilitating investigation of the dispute and potential settlement without trial. *See* Cal. Gov't. Code § 905, *et seq.*, *City of Stockton v. Superior Court*, 42 Cal.4th 730 (December 3, 2007).

Cmplt., at 12:5-9, ¶ 48. To begin with, conclusory legal allegations such as these do not allege facts sufficient to establish compliance with the mandatory Government Code claims-presentation requirements. *See* p. 9, above.

More important, a close review of the two Vectren letters, and of the law Vectren invokes, will show that Vectren cannot amend its Complaint to allege additional facts that will salvage its claim for damages. Vectren's August 29, 2007, and October 12, 2007, letters simply do not satisfy the Government Code claims-presentation requirements. Vectren almost certainly will assert two legal theories in an attempt to excuse its failure to comply with the Government Code claims-presentation requirements. Neither theory will help Vectren.

1. *Vectren's letters did not "substantially comply" with the Government Code claims-presentation requirements.*

First, Vectren will argue that California law requires only "substantial," not strict compliance with the claims-requirements. The doctrine of "substantial compliance," however, "contemplates that there is at least some compliance **with all of the statutory requirements.**" *Del Real v. City of Riverside*, 95 Cal.App.4th 761, 769 (2002) (emphasis added); *accord City of San Jose,*, 12 Cal.3d at 456-57. Additionally, to be "substantially compliant" a submission to the public entity has to look like—that is, it has to "be readily identifiable" as—a Government Code claim. *Schaeffer Dixon Assocs. v. Santa Ana Watershed Project Authority*, 48 Cal.App.4th 524, 533 (1996).

Here, there can be no argument that Vectren did not comply at all with the statutory requirement to deliver or mail its "claim" to the statutorily authorized persons and entities listed in Government Code section 915(a). This failure is sufficient to defeat any "substantial compliance" theory. California appellate courts regularly have held that a letters sent to someone other than the public-entity agents listed in section 915 can not "substantially comply" with the claims-presentation requirements. *See, e.g., Schaeffer Dixon*, 48 Cal.App.4th at 528-29 & 534 (series of letters sent to an administrative "general manager" working for a public entity did not substantially comply with section 915); *Wood v. Riverside General Hosp.*, 25 Cal.App.4th 1113, 1116 & 1117-18 (1994) (letter sent *only* to hospital administration did not substantially comply with section 915).

Nor did Vectren's two letters in the least resemble Government Code claims. Instead, the first letter identified itself as a notice sent pursuant to terms of the parties' contracts, not pursuant to any statute (let alone the Government Code). *See* Firstman Decl., Ex. A, at 1, "Re" line, and at 2, final paragraph. In fact, the August 29, 2007, letter specifically invoked the ***contractually created*** 30-day "cure period," not the 45-day response time established by section 912.4 of the Government Code claims-presentation statutes. *Compare id.* at 3 *with* Gov. Code § 912.4(a) & (c). Again, the Court in *Schaeffer Dixon* found that similar facts prevented the plaintiff there from relying on the doctrine of "substantial compliance." *See Schaeffer Dixon*, 48 Cal.4th at 534.

13

The second letter merely reinforced the point that Vectren was providing notice of alleged "default" solely under the terms of the parties' contract. *See* Firstman Decl., Ex. C, first full paragraph. Nowhere does the second letter so much as suggest that Vectren expected the 45-day period of Government Code section 912.4 to play any part in the ongoing discussions between the parties. *See id., passim.*

In sum, Vectren's letters did not comply with the presentation statute and they were not "readily identifiable" as Government Code claims (because they were ***not***). Vectren thus has not alleged facts that can invoke the doctrine of substantial compliance. *Accord Schaeffer Dixon*, 48 Cal.4th at 534; *Wood,* 25 Cal.App.4th at 1117-18. That excuse will not salvage Vectren's claim for relief for breach of contract damages.

### 2. *Vectren's letters did not constitute a "claim as presented."*

Second, Vectren will argue that its August and October 2007 letters constituted a "claim as presented," sufficient to excuse compliance with the Government Code claims-presentation requirements. *See City of Stockton*, 42 Cal.4th at 744-45 & n.11. Again, Vectren will be wrong, again for the same irrefutable reason.

A "claim as presented" is a defective claim that does not substantially comply with the claims presentation statutes, but that does put the public entity on notice that the claimant is attempting to file a valid claim and that litigation will result if the claim is not paid or otherwise resolved. *Alliance Financial v. City & County of San Francisco*, 64 Cal.App.4th 635, 643 (1998). Such a defective claim triggers a duty on the part of the public entity, under Government Code sections 910.8 and 911, to notify the claimant of the claim deficiencies, or waive the right to assert that the "claim" was defective. Gov. Code §§ 910.8 & 911.

In this case, Vectren's "claim as presented" argument must fail for one of the reasons its "substantial compliance" argument must fail. Although the showing required to established "claim as presented" is "lesser" than the showing required for substantial compliance, the two doctrines both share one crucial requirement: The alleged "claim" must be delivered to one of the statutory agents for the local public entity identified in Government Code section 915. *See, e.g.*, *Del Real*, 95 Cal.App.4th at 770; *Schaeffer Dixon*, 48 Cal.App.4th at 534.

14

In *Del Real*, after rejecting the plaintiff's substantial compliance argument, the appellate court turned to a claim-as-presented argument, and wrote:

> Similarly, it has not been demonstrated that the letter fulfilled the requirements of a "claim as presented." Most importantly, it was not directed to the public entity but to Charette [a public employee police officer involved with the claim] personally. Section 915 requires that a claim be delivered, mailed to, or actually received by the clerk, secretary, auditor, or governing body of the public entity within the time allotted.

*Del Real*, 95 Cal.App.4th at 770. The appellate court then rejected the claim-as-presented argument. *Id.*

Likewise, in *Schaeffer Dixon*, the appellate court rejected both a substantial-compliance argument and a claim-as-presented argument because the plaintiff, an engineering contractor, directed its letters to a "general manager" employee of the public entity, with whom the plaintiff had been negotiating in efforts to strike a deal for an increase in payable fees. *Schaeffer Dixon*, 48 Cal.App.4th at 527-29. The contractor sent a series of letters to the general manager related to its claim for increased fees. *Id.* Some of the letters included demands for action from the public entity within time frames that bore no relationship to the time limits established by the Government Claims Act. *Id.* at 527-29 & 534. The Court rejected the plaintiff's claim-as-presented argument for several reasons, including the fact that the plaintiff had sent its primary "claim" letter to a "general manager" employee, and not to one of the public-entity agents specified in section 915. *Id.* at 534.

Like the plaintiffs in *Del Real* and *Schaeffer Dixon*, Vectren sent its primary "claim" letter to an employee of the public entity with whom Vectren had business dealings; Vectren never sent any sort of "claim" to the City itself—that is, to one of the public-entity agents specified in section 915. Accordingly, Vectren's August 29, 2007, and October 12, 2007, letters cannot constitute— either individually or together—a "claim as presented."

### E.  This Court Should Dismiss Vectren's First Claim for Relief for Breach of Contract *Without* Leave to Amend and *With* Prejudice.

Section 911.2 of the Government Code provides that a claim such as one relating to damages for alleged breach of contract must be submitted, pursuant to section 915(a) "not later than one year after the accrual of the cause of action." Gov. Code § 911.2(a). A plaintiff must

15

1  comply with the presentation requirements of sections 911.2 and 915 *before* filing suit for money
2  or damages against a public entity like the City of Alameda.  Gov. Code § 945.4.
3        Vectren admits in its Complaint that it became aware of the essential facts on which its
4  breach-of-contract claim for damages relies at least as early as April 2007.  Cmplt., at 10:16-11:4,
5  ¶¶ 40-42; *accord* Firstman Decl., Ex. "A," at 2 (third, fourth and fifth full paragraphs).  Thus,
6  Vectren not only failed to present a proper Government Code claim to the City before filing this
7  lawsuit, but now that more than one year has passed since the latest date for accrual of Vectren's
8  alleged claim for breach of contract damages, Vectren no longer has the right to file a Government
9  Code claim even under Vectren's theory.  *See* Gov. Code § 945.4.  This Court should dismiss
10 Vectren's breach of contract claim without leave to amend and with prejudice.  Vectren has no
11 right to assert that claim against the City.

## IV.  CONCLUSION.

13       Vectren has not alleged an essential element of that claim for relief—namely, compliance
14 with the Government Code claims-presentation requirements— and Vectren cannot allege facts
15 sufficient to fulfill that element.  City of Alameda respectfully requests that this Court dismiss
16 Vectren's "First Claim for Relief, Breach of Contract," without leave to amend.

18 DATED:  July 21, 2008

19                         Respectfully Submitted,

20                         WULFSBERG REESE COLVIG & FIRSTMAN
                        PROFESSIONAL CORPORATION

23                         By   /S/ Michael J. Higgins
                           MICHAEL J. HIGGINS
                           Attorneys For Defendant
24                            City of Alameda

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

1  WULFSBERG REESE COLVIG & FIRSTMAN
   PROFESSIONAL CORPORATION
2  Eric J. Firstman – 111534
   Michael J. Higgins – 151549
3  Kaiser Center
   300 Lakeside Drive, 24th Floor
4  Oakland, CA 94612-3524
   Telephone: (510) 835-9100
5  Facsimile: (510) 451-2170

6  OFFICE OF THE CITY ATTORNEY, CITY OF ALAMEDA
   Teresa L. Highsmith – 155262
7  Alameda City Hall
   2263 Santa Clara Avenue, Rm. 280
8  Alameda, CA 94501
   Telephone: (510) 747-4750
9  Facsimile: (510) 747-4767

10 Attorneys for Defendant
   City of Alameda

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VECTREN COMMUNICATIONS SERVICES, an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA,<br><br>Defendant. | No. C 08-03137 SI<br><br>**[PROPOSED] ORDER GRANTING CITY OF ALAMEDA'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF [Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:        October 3, 2008<br>Time:       9 a.m.<br>Courtroom: 10, 19th Floor<br>Honorable Susan Illston |

On October 3, 2008, the above-entitled Court heard oral argument on defendant City of Alameda's Motion to Dismiss Plaintiff's First Claim for Relief (Breach of Contract), pursuant to Federal Rule of Civil Procedure 12(b)(6). Eric J. Firstman represented the moving party, defendant City of Alameda; Robert Bunzel represented opposing party, plaintiff Vectren Communications Services. Having considered the papers filed in support of, in opposition to, and in reply in support of defendant's motion to dismiss, the Court rules as follows:

Plaintiff's Complaint, in its first claim for relief fails to state a claim upon which relief can

1  be granted, because compliance with, or excuse for non-compliance with, the California
2  Government Claims Act claims requirements  (Gov. Code sections 900 et seq.) constitutes a
3  substantive element of plaintiff's claim for relief for breach of contract and damages, and
4  plaintiff's Complaint fails to allege facts sufficient to establish that element of its claim.
5  Moreover, the allegations of the Complaint demonstrate that plaintiff cannot now file a timely
6  Government Claims Act claim in connection with its claim for breach of contract and damages.
7  Accordingly, plaintiff's first claim for relief for breach of contract is hereby dismissed, without
8  leave to amend.
9  IT IS SO ORDERED.

11  Date:_____, 2008

12                                                  Hon. Susan Illston,
13                                                  United States District Judge

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524
TELEPHONE (510) 835-9100

-2-
[PROPOSED] ORDER GRANTING CITY'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF
1883-002\2218218.1