**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    VECTREN COMMUNICATIONS SERVICES,          No. C 08-3137 SI

9              Plaintiff,                      **ORDER RE: DISCOVERY**

10       v.

11   CITY OF ALAMEDA,

12             Defendant.
                                          /
13

14       Defendant has moved to compel responses to three requests for production of documents.[1]

15   Defendant seeks documents relating to the 2004 decision by plaintiff Vectren Communications Services

16   ("VCS") and its parent, Vectren Corporation, to cease operation of VCS, as well as documents regarding

17   the financial condition of VCS's or Vectren Corporations' broadband operations.  Defendant contends

18   that these documents are relevant because VCS alleges that the City failed to operate the municipal cable

19   television and internet system efficiently and in accordance with customary standards.  Defendant

20   asserts that Vectren's experience with broadband systems is relevant to determining "customary

21   standards," as well as risks in the telecom industry.

22       VCS responds that the only telecom system that it ever operated was the City's, and that its only

23   involvement with other broadband systems has been designing, constructing and/or consulting regarding

24   systems owned and operated by others.  VCS argues that information about these other systems is too

25   attenuated from the cost and expense issues related to the City's operation of the telecom system

26   between 2004-2008.  Relatedly, because VCS was not operating any other telecom systems, plaintiff

27

28       [1] The parties' letter briefs are found at Docket Nos. 45, 49, 52 and 56.

**United States District Court**
For the Northern District of California

1  contends that documents related to Vectren Corporation's decision to cease operations of VCS are

2  irrelevant.  VCS also argues that the burden of producing and reviewing such records would be

3  considerable.

4       The Court agrees with plaintiff that absent a specific showing of relevance, the burden of

5  searching for and producing the requested documents far outweighs the speculative probative value of

6  these documents.  If VCS or Vectren Corporation operated other telecom systems, information about

7  those operations, as well as Vectren's decision to cease operations at VCS, could be relevant to issues

8  such as Vectren's expectations about the City's system, and whether the City operated the system

9  efficiently and according to customary standards.[2]  However, documents about VCS's non-operational

10  work regarding other telecom systems is too far removed from the claims and defenses in this case, and

11  accordingly the Court DENIES defendant's motion to compel these documents.

12

13       **IT IS SO ORDERED.**

14

15  Dated: April 16, 2009

16                                    SUSAN ILLSTON
                                      United States District Judge

17

18

19

20

21

22

23

24
_____

25       [2] VCS states that it will produce the Sigecom financial statements in its possession pursuant to
a protective order if any parties' experts contend that Sigecom's performance is relevant to the City's
26  operation of the telecom system. Vectren Corporation had a minority interest in Sigecom Holdings LLC
through Utilicom Networks LLC between 2002-2006, and according to Vectren Corporation's 10-K,
27  Sigecom provides broadband services to the greater Evansville, Indiana area.  The Court finds that
because Vectren Corporation, through Sigecom, operated a telecom system, documents related to
28  Sigecom's financial condition may lead to admissible evidence, and accordingly GRANTS defendant's
motion to compel in this regard.