IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VECTREN COMMUNICATIONS SERVICES, | No. C 08-3137 SI |
|     Plaintiff, | **ORDER RE: DISCOVERY** |
|   v. | |
| CITY OF ALAMEDA, | |
|     Defendant. | |

    Plaintiff has moved to compel the production of three documents that defendant refuses to produce on the basis of attorney-client privilege.[1] Defendant describes the documents as follows: (1) a memorandum from defendant's then-general manager (Ron Stassi) to defendant's attorney (Teresa Highsmith) which states in bold, capital letters at the top of the page, "**CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGE**"; and (2) two attachments to that memorandum which also bear headers stating "Confidential" and "Attorney-Client Privilege." Highsmith Decl. ¶ 4.

    Plaintiff asserts that the documents are not privileged because the City shared the memorandum and attachments with CCG Consulting LLC, a third party hired by City executives for the purpose of analyzing Telecom System operations. Plaintiff contends that "presumably the City would not have given privileged documents to a third party hired by executives, for non-litigation purposes," and that to the extent that any of these documents are privileged, defendant waived the privilege by sharing the documents with the CCG.

    In response, defendant has submitted the declaration of Teresa Highsmith, which states that in

---

[1] The parties' letter briefs are found at Docket Nos. 57 and 59.

late 2006 she asked Mr. Stassi to prepare a memorandum providing answers to several questions and other information that she needed in order to provide legal advice to the City. *Id.* ¶ 3. Mr. Stassi prepared the memorandum at issue in this motion, along with the attachments, pursuant to Ms. Highsmith's instruction. *Id.* ¶ 4. Ms. Highsmith also states that CCG was not hired for the sole purpose of analyzing Telecom Systems operations, although she does not elaborate on that statement. *Id.* ¶ 5. Finally, Ms. Highsmith states that "CCG was a 'third person [to whom the memo was disclosed] to further the . . . accomplishment of the purpose for which [I was being] consulted' within the meaning of Evidence Code section 952." *Id.* ¶ 5 (brackets in original). Defendant argues that Ms. Highsmith's declaration establishes that the memorandum and attachments were created at her request to assist her in providing legal advice to the City of Alameda, and thus that the documents were appropriately designated as privileged and confidential.

As this is a diversity case, the Court looks to California law to determine whether the documents at issue are privileged. *See* Fed. R. Evid. 501; *Star Editorial Inc. v. U.S. District Ct.*, 7 F.3d 856, 859 (9th Cir. 1993). California Evidence Code Section 952, titled "Confidential communication between client and lawyer," states,

> As used in this article, "confidential communication between client and lawyer" means information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Cal. Evid. Code § 952.

The Court finds that Ms. Highsmith's declaration establishes that the documents are privileged because the memorandum and attachments were prepared by a client for the client's attorney in order to enable the attorney to provide legal advice to her client. Upon defendant's *prima facie* showing that the documents are privileged, the burden shifts to plaintiff to show that the documents are not in fact privileged, or that the privilege has been waived. *See Titmas v. Superior Court*, 87 Cal. App. 4th 738, 745 (2001). Plaintiff has not met its burden because plaintiff simply asserts – without anything more – that "presumably" the City would not have provided privileged documents to a third party. However,

2

Ms. Highsmith states that the memorandum was provided to CCG in connection with Ms. Highsmith's legal representation of the City.

Accordingly, the Court DENIES plaintiff's motion to compel.

**IT IS SO ORDERED.**

Dated: May 27, 2009

SUSAN ILLSTON
United States District Judge