IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VECTREN COMMUNICATIONS SERVICES, INC.,

    Plaintiff,

 v.

CITY OF ALAMEDA,

    Defendant.
                 /

No. C 08-3137 SI

**ORDER RE: DISCOVERY**

This order resolves several discovery disputes pending before the Court.

**I. Documents relating to the operating results of other municipal telecom systems** (Docket Nos. 88, 93, 95 & 99)

The City has moved to compel plaintiff Vectren Communications Services ("VCS") to produce documents relating to the operating results of other municipal telecom systems. In an order filed April 16, 2009, the Court denied a similar motion to compel filed by the City, but left open the possibility that there might later be a "specific showing of relevance" to justify the City's document requests. The City contends that discovery conducted since the April 2009 order shows that information about operating results of other municipal telecom systems is relevant. The Court agrees that the City has now made a sufficient showing of relevance to support the document requests.

However, VCS states that based upon a recent comprehensive search of reasonably available hard copy documents and electronic data, VCS believes that it does not have documents relating to the operating results of other telecom systems. VCS states that if it does have any such documents, they would be located in one or more of 250 boxes stored in an offsite facility and would pre-date February

2002, several years before the relevant time period. Vectren estimates that it would take between 500 to 700 hours to review the contents of these boxes. The City suggests that VCS may in fact possess responsive documents, but has not provided any reason to question the representations made by VCS. VCS has described with specificity the search it conducted for responsive documents, and the Court is satisfied with VCS's representation that it does not have responsive documents except as outlined. The Court also finds that the burden associated with searching the off-site location cannot be justified by the remote possibility that there may be responsive documents from prior to 2002 in the offsite boxes. Accordingly, the Court DENIES defendant's motion to compel. (Docket No. 88).

**II.    Deloitte & Touche auditing documents** (Docket Nos. 104 & 106)

The second dispute concerns the production of auditing documents from third party Vectren Corporation's accounting firm, Deloitte & Touche. According to papers submitted by plaintiff VCS and Deloitte & Touche, Vectren Corporation, which is headquartered in Indiana and the parent of VCS, engaged Deloitte & Touche's Indiana office to perform annual audits and quarterly reviews of Vectren Corporation's financial statements. As part of this work, Deloitte & Touche has audited and reviewed the $6.3 million installment obligation owed by the City to VCS. In July 2009, the City served a subpoena on Deloitte & Touche in Indiana seeking all documents related to the audit, and in August 2009 the City served a subpoena on Deloitte & Touche's San Francisco office seeking the same documents, as well as a deposition of the person most knowledgeable about the documents. The City also served VCS with document requests seeking similar accounting records. Both VCS and Deloitte & Touche have invoked an Indiana accountant-client privilege and refused to produce the requested documents.

The resolution of this dispute turns on whether California or Indiana law applies regarding the existence of the privilege. In a diversity case such as this, state privilege law applies. *See* Federal Rule of Evidence 501. The parties agree that California does not recognize an accountant-client privilege, *Platypus Wear, Inc. v. K.D. Company, Inc.*, 905 F. Supp. 808, 812 (S.D. Cal. 1995), but that the privilege exists in Indiana. *See* Indiana Code 25-2.1-14-1. The City contends that California law governs because this is a diversity case in California, and the parties' contracts (the Installment Sale

Agreement and the Intercreditor Agreement) specify that California law applies. VCS argues the parties' choice of law in those contracts is irrelevant because Vectren Corporation and Deloitte & Touche are not parties to those contracts. The Court agrees with plaintiff that the parties' choice of California law in the contracts does not bind nonparties Vectren Corporation and Deloitte & Touche.

"In a diversity case, federal courts apply the substantive law of the forum in which the court is located, including the forum's choice of law rules." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001) (internal quotations omitted). The Ninth Circuit has instructed,

> California applies a three-step "governmental interest" analysis to choice-of-law questions: (1) "the court examines the substantive laws of each jurisdiction to determine whether the laws differ as applied to the relevant transaction", (2) "if the laws do differ, the court must determine whether a true conflict[ ] exists in that each of the relevant jurisdictions has an interest in having its law applied", and (3) "if more than one jurisdiction has a legitimate interest . . . the court [must] identify and apply the law of the state whose interest would be more impaired if its law were not applied."

*Id*. at 1005 (quoting *Abogados v. AT & T, Inc*., 223 F.3d 932, 934 (9th Cir. 2000)). Here, as noted above, Indiana and California law differ as to the existence of an accountant-client privilege. As the location of the forum of this case, and because California law governs the parties' claims, California has an interest in the application of its law. Indiana also has a legitimate interest in this matter because, according to Vectren Corporation and Deloitte & Touche, the auditing work was performed primarily in Indiana[1] for a nonparty Indiana resident, and the documents sought are housed in Indiana. The Court finds that under these circumstances, the interest analysis weighs in favor of Indiana law because "the parties who made the communications expected that those communications would remain confidential under the law of that jurisdiction, and the state has an interest in furthering the policies behind the privilege at issue." *Lego Stratos Lightwave, Inc.*, 224 F.R.D. 576, 579 (S.D.N.Y. 2004) (applying New York choice of law rules and applying Illinois accounting privilege where accountant and client resided in Illinois and communications occurred in Illinois). Moreover, the Court finds it significant that plaintiff has already produced to the City all documents provided by VCS and Vectren Corporation to Deloitte regarding the Alameda obligation, and thus the only documents responsive to the subpoena that are outstanding are Deloitte's internal work papers. Plaintiff has also produced VCS's internal analysis

---

[1] Plaintiff states that it "understands" that Deloitte's engagement team members were drawn primarily from Deloitte's Indiana and Illinois offices.

3

as to any potential impairment or lack thereof regarding the Alameda obligation.

The Court is also not persuaded by the City's argument that any privilege under Indiana law has been waived by the failure to produce a privilege log. Although a privilege log is normally required, the Court agrees with plaintiff and Deloitte & Touche that it would have been unduly burdensome and unnecessary to create a privilege log when the asserted privilege broadly protects the documents at issue from disclosure. Accordingly, the Court DENIES defendant's motion to compel. (Docket No. 104).

**IT IS SO ORDERED.**

Dated: October 20, 2009

SUSAN ILLSTON
United States District Judge