1   Robert H. Bunzel, State Bar No. 99395
    C. Griffith Towle, State Bar No. 146401
2   BARTKO, ZANKEL, TARRANT & MILLER
    A Professional Corporation
3   900 Front Street, Suite 300
    San Francisco, California 94111
4   Telephone: (415) 956-1900
    Facsimile: (415) 956-1152
5
    Attorneys for Plaintiff
6   VECTREN COMMUNICATIONS SERVICES, INC.

7   WULFSBERG REESE COLVIG & FIRSTMAN
    PROFESSIONAL CORPORATION
8   Eric J. Firstman, State Bar No. 111534
    Gregory R. Aker, State Bar No. 104171
9   Richard E. Elder, State Bar No. 205389
    Kaiser Center, 300 Lakeside Drive, 24th Floor
10  Oakland, California 94612-3524
    Telephone: (510) 835-9100
11  Facsimile: (510) 451-2170

12  OFFICE OF THE CITY ATTORNEY, CITY OF ALAMEDA
    Teresa L. Highsmith, State Bar No. 155262
13  2263 Santa Clara Avenue, Rm. 280
    Alameda, California 94501
14  Telephone: (510) 747-4750
    Facsimile: (510) 747-4767
15
    Attorneys for Defendant
16  CITY OF ALAMEDA

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                      SAN FRANCISCO DIVISION

20  VECTREN COMMUNICATIONS SERVICES, )   No. C 08-3137 SI
    INC., an Indiana corporation,     )
21                                    )   **[Proposed] JOINT TRIAL JURY**
                                      )   **INSTRUCTIONS**
22           Plaintiff,               )
                                      )
23      v.                            )
                                      )
24  CITY OF ALAMEDA, acting by and through )   Judge:            Hon. Susan Illston
    Alameda Power & Telecom,          )   Complaint Filed:  June 30, 2008
25                                    )   Trial Date:       February 8, 2010
             Defendant.               )
26  _____ )

27

28  2188.000/436605.1

                                              [Proposed] JOINT TRIAL JURY INSTRUCTIONS
                                                            Case No. C 08-3137 SI

## INDEX

1.  Duty of Jury (Court Reads and Provides Written Instructions) (1.1A Ninth Circuit Model Civil Jury Instructions)....................................................1

2.  Duty of Jury (Court Reads and Provides Written Instructions at End of Case) (1.1C Ninth Circuit Model Civil Jury Instructions) ..............................2

3.  Burden of Proof - Preponderance of the Evidence (1.3 Ninth Circuit Model Civil Jury Instructions) ...............................................................3

4.  Burden of Proof: Clear and Convincing Evidence (1.4 Ninth Circuit Model Civil Jury Instructions) .........................................................4

5.  What is Evidence (1.6 Ninth Circuit Model Civil Jury Instructions)...................................................................................5

6.  What is Not Evidence (1.7 Ninth Circuit Model Civil Jury Instructions)...................................................................................6

7.  Evidence for Limited Purposes (1.8 Ninth Circuit Model Civil Jury Instructions)...................................................................................7

8.  Direct and Circumstantial Evidence (1.9 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold to include example of circumstantial evidence*) ...........................................8

9.  Party Having Power to Produce Better Evidence (CACI 203) ...................9

10. Ruling on Objections (1.10 Ninth Circuit Model Civil Jury Instructions)..................................................................................10

11. Credibility of Witnesses (1.11 Ninth Circuit Model Civil Jury Instructions)..................................................................................11

12. Conduct of the Jury (1.12 Ninth Circuit Model Civil Jury Instructions)..................................................................................12

13. No Transcript Available to Jury (1.13 Ninth Circuit Model Civil Jury Instructions)..................................................................................13

14. Taking Notes (1.14 Ninth Circuit Model Civil Jury Instructions)..............................14

15. Bench Conferences and Recesses (1.18 Ninth Circuit Model Civil Jury Instructions)..................................................................................15

16. Outline of Trial (1.19 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold*) ..........................................................16

17. Judge's Questions To Witness (102.72 Federal Jury Practice & Instructions, 5th Ed.) (2000) ...........................................................17

-i-

18. Stipulations of Fact (2.2 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold*) .......................................................... 18

19. Judicial Notice (2.3 Ninth Circuit Model Civil Jury Instructions) ............................ 19

20. Deposition in Lieu of Live Testimony (2.4 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold*) .......................................................... 20

21. Impeachment Evidence: Witness (2.8 Ninth Circuit Model Civil Jury Instructions) ............................................................................................. 21

22. Use of Interrogatories of a Party (2.10 Ninth Circuit Model Civil Jury Instructions) ............................................................................................. 22

23. Expert Opinion (2.11 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold*) .......................................................... 23

24. Charts and Summaries Not Received in Evidence (2.12 Ninth Circuit Model Civil Jury Instructions) .......................................................... 24

25. Charts and Summaries in Evidence (2.13 Ninth Circuit Model Civil Jury Instructions) .......................................................................................... 25

26. Experts: Questions Containing Assumed Facts (CACI 220) .................................... 26

27. Conflicting Expert Testimony (CACI 221) .............................................................. 27

28. Essential Factual Elements (CACI 303) ................................................................... 28

29. Interpretation: Meaning of Ordinary Words (CACI 315) ........................................ 29

30. Interpretation: Construction of Contract as a Whole (CACI 317) ........................... 30

31. Interpretation – Construction by Conduct (CACI 318) ............................................ 31

32. Breach of Covenant of Good Faith and Fair Dealing—Essential Factual Elements (CACI 325) .......................................................................... 32

33. Statute of Limitations Defense:  Breach of Contract (107.01 Federal Jury Practice & Instructions, 5th Ed.) (2000) (*modifications in bold*); Cal. Civ. Proc. Code § 337 ................................. 33

34. Statute of Limitations Defense: Delayed Discovery of Breach of Contract Claim (CACI 455) (*modifications in bold*) ................................ 34

35. Duty to Deliberate (3.1 Ninth Circuit Model Civil Jury Instructions) ............................................................................................. 35

36. Communication with Court (3.2 Ninth Circuit Model Civil Jury Instructions) ............................................................................................. 36

-ii-

2188.000/436605.1

37. Return of Verdict (3.3 Ninth Circuit Model Civil Jury Instructions)....................................................................................37

38. Mitigation of Damages (5.3 Ninth Circuit Model Civil Jury Instructions)....................................................................................38

39. Damages – Prohibition Against Double Recovery ....................................38

-iii-

1   The parties hereby submit the following agreed upon Joint Proposed Jury Instructions.

2   JURY INSTRUCTION NO. 1

3   **DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**
4   **(Pre-Instruction)**

5       Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct

6   you on the law.

7       These instructions are preliminary instructions to help you understand the principles

8   that apply to civil trials and to help you understand the evidence as you listen to it.  You will be

9   allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be

10  taken home and must remain in the jury room when you leave in the evenings.  At the end of the

11  trial, I will give you a final set of instructions. It is the final set of instructions which will govern

12  your deliberations.

13      You must not infer from these instructions or from anything I may say or do as

14  indicating that I have an opinion regarding the evidence or what your verdict should be.  It is your

15  duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I

16  give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And

17  you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.

18  That means that you must decide the case solely on the evidence before you.  You will recall that

19  you took an oath to do so.

20      In following my instructions, you must follow all of them and not single out some

21  and ignore others; they are all important.

22

23

24

25

26  *AUTHORITY:* 1.1A — Duty of Jury (Court Reads and Provides Written Instructions) (1.1A Ninth
    Circuit Model Civil Jury Instructions)

27

28  -1-

1

JURY INSTRUCTION NO. 2

2

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT
END OF CASE)**

3

4

      Members of the Jury: Now that you have heard all of the evidence and the

5

arguments of the attorneys, it is my duty to instruct you as to the law of the case.  A copy of these

6

instructions will be sent with you to the jury room when you deliberate.

7

      You must not infer from these instructions or from anything I may say or do as

8

indicating that I have an opinion regarding the evidence or what your verdict should be.

9

      It is your duty to find the facts from all the evidence in the case.  To those facts you

10

will apply the law as I give it to you.  You must follow the law as I give it to you whether you

11

agree with it or not, and you must not be influenced by any personal likes or dislikes, opinions,

12

prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

13

you.  You will recall that you took an oath to do so.

14

      In following my instructions, you must follow all of them and not single out some

15

and ignore others; they are all important.

16

17

18

19

20

21

22

23

24

25

*AUTHORITY:* 1.1C — Duty of Jury (Court Reads and Provides Written Instructions at End of
Case) (1.1C Ninth Circuit Model Civil Jury Instructions)

26

27

28

-2-

1

JURY INSTRUCTION NO. 3

2

**BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE (Pre-Instruction)**

3

When a party has the burden of proof on any claim or affirmative defense by a

4

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5

affirmative defense is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party

7

presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*AUTHORITY*: 1.3 — Burden of Proof - Preponderance of the Evidence (1.3 Ninth Circuit Model

26

Civil Jury Instructions)

27

28

-3-

JURY INSTRUCTION NO. 4

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE (Pre-Instruction)**

When a party has the burden of proof on any claim or defense by clear and convincing evidence which here applies only to the City's affirmative defense of waiver, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

*AUTHORITY*: 1.4 — Burden of Proof: Clear and Convincing Evidence (1.4 Ninth Circuit Model Civil Jury Instructions)

-4-

JURY INSTRUCTION NO. 5

**WHAT IS EVIDENCE (Pre-Instruction)**

The evidence you are to consider in deciding what the facts are consists of:

1.     The sworn testimony of any witness;

2.     The exhibits which are received into evidence; and

3.     Any facts to which the lawyers have agreed.

*AUTHORITY:* 1.6 — What is Evidence (1.6 Ninth Circuit Model Civil Jury Instructions)

-5-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

JURY INSTRUCTION NO. 6

**WHAT IS NOT EVIDENCE (Pre-Instruction)**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*AUTHORITY:* 1.7 — What is Not Evidence (1.7 Ninth Circuit Model Civil Jury Instructions)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JURY INSTRUCTION NO. 7

**EVIDENCE FOR LIMITED PURPOSE (Pre-Instruction)**

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

*AUTHORITY:* 1.8 — Evidence for Limited Purposes (1.8 Ninth Circuit Model Civil Jury Instructions)

-7-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

1

JURY INSTRUCTION NO. 8

2

**DIRECT AND INDIRECT EVIDENCE (Pre-Instruction)**

3

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

4

such as testimony by a witness concerning what that witness personally saw or heard or did.

5

**Other evidence may prove a fact indirectly**.  Circumstantial evidence is proof of one or more

6

facts from which you could find another fact**.  By way of example, if you wake up in the

7

morning and see that the sidewalk is wet, you may find from that fact that it rained during

8

the night.  However, evidence of a turned on garden hose may explain the presence of water

9

on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial

10

evidence, you must consider all the evidence in the light of reason, experience, and common

11

sense.**

12

You should consider both kinds of evidence.  The law makes no distinction between

13

the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much

14

weight to give to any evidence.

15

16

17

18

19

20

21

22

23

24

25

26

*AUTHORITY:* 1.9 — Direct and Circumstantial Evidence (1.9 Ninth Circuit Model Civil Jury
Instructions) (*modifications in bold to include example of circumstantial evidence*)

27

28

-8-

JURY INSTRUCTION NO. 9

**PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**
**(Pre-Instruction)**

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

*AUTHORITY*: CACI 203 — Party Having Power to Produce Better Evidence (CACI 203)

-9-

1

JURY INSTRUCTION NO. 10

2

**RULING ON OBJECTIONS (Pre-Instruction)**

3      There are rules of evidence that control what can be received into evidence.  When

4  a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

5  that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection,

6  the question may be answered or the exhibit received.  If I sustain the objection, the question

7  cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a

8  question, you must ignore the question and must not guess what the answer might have been.

9      Sometimes I may order that evidence be stricken from the record and that you

10  disregard or ignore the evidence.  That means that when you are deciding the case, you must not

11  consider the evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*AUTHORITY*: 1.10 — Ruling on Objections (1.10 Ninth Circuit Model Civil Jury Instructions)

28

-10-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

JURY INSTRUCTION NO. 11

**CREDIBILITY OF WITNESSES (Pre-Instruction)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

*AUTHORITY:* 1.11 — Credibility of Witnesses (1.11 Ninth Circuit Model Civil Jury Instructions)

-11-

JURY INSTRUCTION NO. 12

**CONDUCT OF THE JURY (Pre-Instruction)**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

*AUTHORITY:* 1.12 — Conduct of the Jury (1.12 Ninth Circuit Model Civil Jury Instructions)

-12-

JURY INSTRUCTION NO. 13

**NO TRANSCRIPT AVAILABLE TO JURY (Pre-Instruction)**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

*AUTHORITY:* 1.13 — No Transcript Available to Jury (1.13 Ninth Circuit Model Civil Jury Instructions)

-13-

JURY INSTRUCTION NO. 14

**TAKING NOTES (Pre-Instruction)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*AUTHORITY:* 1.14 — Taking Notes (1.14 Ninth Circuit Model Civil Jury Instructions)

-14-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

JURY INSTRUCTION NO. 15

**BENCH CONFERENCES AND RECESSES (Pre-Instruction)**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*AUTHORITY:* 1.18 — Bench Conferences and Recesses (1.18 Ninth Circuit Model Civil Jury Instructions)

-15-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

JURY INSTRUCTION NO. 16

**OUTLINE OF TRIAL (Pre-Instruction)**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine **and in doing so may ask additional questions of defense witnesses called by plaintiff.** Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

*AUTHORITY:* 1.19 — Outline of Trial (1.19 Ninth Circuit Model Civil Jury Instructions) *(modifications in bold)*

-16-

JURY INSTRUCTION NO. 17

**JUDGE'S QUESTIONS TO WITNESSES (Pre-Instruction)**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.

*AUTHORITY:* 102.72 — Judge's Questions To Witness (102.72 Federal Jury Practice & Instructions, 5th Ed.) (2000)

-17-

JURY INSTRUCTION NO. 18

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you **or will be placed into evidence as exhibits.**

You should therefore treat these facts as having been proved.

*AUTHORITY:* 2.2 — Stipulations of Fact (2.2 Ninth Circuit Model Civil Jury Instructions)(*modifications in bold*)

-18-

JURY INSTRUCTION NO. 19

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state facts*], even though no evidence has been introduced on the subject. You must accept this fact as true.

*AUTHORITY:* 2.3 — Judicial Notice (2.3 Ninth Circuit Model Civil Jury Instructions)

-19-

JURY INSTRUCTION NO. 20

**DEPOSITION IN LIEU OF LIVE TESTIMONY (Pre-Instruction)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The **testimony** of **certain witnesses from will be presented by videotaped depositions**. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

*AUTHORITY:* 2.4 — Deposition in Lieu of Live Testimony (2.4 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold*)

-20-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 21

**IMPEACHMENT EVIDENCE –WITNESS (Pre-Instruction)**

  The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*AUTHORITY:* 2.8 — Impeachment Evidence: Witness (2.8 Ninth Circuit Model Civil Jury Instructions)

-21-

JURY INSTRUCTION NO. 22

**USE OF INTERROGATORIES OF A PARTY**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

*AUTHORITY:* 2.10 — Use of Interrogatories of a Party (2.10 Ninth Circuit Model Civil Jury Instructions)

-22-

JURY INSTRUCTION NO. 23

**EXPERT OPINION**

**During the trial you heard testimony from expert witnesses**.  Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions, **even if he or she has not witnessed any of the events involved in the trial**.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, **the facts the expert relied upon**, and all the other evidence in the case.

*AUTHORITY:* 2.11 — Expert Opinion (2.11 Ninth Circuit Model Civil Jury Instructions) (*modifications in bold*)

-23-

JURY INSTRUCTION NO. 24

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*AUTHORITY*: 2.12 — Charts and Summaries Not Received in Evidence (2.12 Ninth Circuit Model Civil Jury Instructions)

-24-

JURY INSTRUCTION NO. 25

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*AUTHORITY*: 2.13 — Charts and Summaries in Evidence (2.13 Ninth Circuit Model Civil Jury Instructions)

JURY INSTRUCTION NO. 26

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

*AUTHORITY:* CACI 220 — Experts: Questions Containing Assumed Facts (CACI 220)

-26-

JURY INSTRUCTION NO. 27

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

*AUTHORITY:* CACI 221 — Conflicting Expert Testimony (CACI 221)

-27-

JURY INSTRUCTION NO. 28

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To recover damages from AP & T for breach of contract, VCS must prove all of the following:

1.  That VCS and AP & T entered into a contract, which the parties agree occurred;

2.  That VCS did all, or substantially all of the significant things that the contract required it to do;

3.  That all conditions required for AP & T's performance had occurred;

4.  That AP & T failed to do something that the contract required it to do; and

5.  That VCS was harmed by that failure.

*AUTHORITY*: CACI 303 — Essential Factual Elements (CACI 303)

-28-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 29

**INTERPRETATION—MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

*AUTHORITY:* CACI 315 — Interpretation: Meaning of Ordinary Words (CACI 315)

-29-

1

JURY INSTRUCTION NO. 30

2

**INTERPRETATION—CONSTRUCTION OF CONTRACT AS A WHOLE**

3          In deciding what the words of a contract meant to the parties, you should consider

4   the whole contract, not just isolated parts.   You should use each part to help you interpret the

5   others, so that all the parts make sense when taken together.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
*AUTHORITY:* CACI 317 — Interpretation: Construction of Contract as a Whole (CACI 317)
26

27

28                                                      -30-

1

JURY INSTRUCTION NO. 31

2

**INTERPRETATION – CONSTRUCTION BY CONDUCT**

3      In deciding what the words in a contract meant to the parties, you may consider

4  how the parties acted after the contract was created but before any disagreement between the

5  parties arose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *AUTHORITY*: CACI 318 — Interpretation – Construction by Conduct (CACI 318)

27

28                                         -31-

JURY INSTRUCTION NO. 32

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – ESSENTIAL FACTUAL ELEMENTS**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of the other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. VCS claims that AP & T violated the duty to act fairly and in good faith. To establish this claim, VCS must prove all of the following:

1.  That VCS and AP & T entered into a contract;

2.  That VCS did all, or substantially all of the significant things that the contract required it to do;

3.  That all conditions required for AP & T's performance had occurred;

4.  That AP & T unfairly interfered with VCS's right to receive the benefits of the contract; and

5.  That VCS was harmed by AP & T's conduct.

*AUTHORITY:* CACI 325 — Breach of Covenant of Good Faith and Fair Dealing—Essential Factual Elements (CACI 325)

-32-

JURY INSTRUCTION NO. 33

**STATUTE OF LIMITATIONS DEFENSE - BREACH OF CONTRACT CLAIM**

AP & T asserts as a defense that the statute of limitations bars VCS's breach of contract claim, **except for the claim involving sale of the Telecom System**. A statute of limitations is a law that provides that a claim is barred if a plaintiff does not bring it within a prescribed period of time. **VCS made a claim to the City on August 29, 2007 and filed this suit on June 30, 2008.** The time period within which VCS's breach of contract claim must be brought begins when VCS first knew, or by the exercise of reasonable care, should have known that AP & T breached its contract with VCS.

The applicable statute of limitations period for VCS's breach of contract claims is [*to be determined by the Court*]. AP & T claims that VCS's suit is barred here because VCS knew, or by the exercise of reasonable care should have known, **by [_____]** that AP & T breached its contract with VCS.

AP & T has the burden of proving the statute of limitations defense. In other words, AP & T must prove by a preponderance of the evidence that VCS did not bring this claim within the applicable time period.

*AUTHORITY:* 107.01 — Statute of Limitations Defense: Breach of Contract (107.01 Federal Jury Practice & Instructions, 5th Ed.) (2000) (*modifications in bold*); Cal. Civ. Proc. Code § 337

-33-

JURY INSTRUCTION NO. 34

**STATUTE OF LIMITATIONS DEFENSE – DELAYED DISCOVERY OF BREACH OF CONTRACT CLAIM**

If AP & T proves that VCS's claimed harm occurred before [*to be determined by the Court*[1]], VCS's claim for breach of contract was still filed on time if VCS proves that before that date, VCS did not discover, and did not know of facts **concerning AP & T's operation and management of the Telecom System** that would have caused a reasonable person to suspect that VCS had suffered harm caused by someone's wrongful conduct.

*AUTHORITY:* CACI 455 — Statute of Limitations Defense: Delayed Discovery of Breach of Contract Claim (CACI 455) (*modifications in bold*)

---

[1] VCS believes the applicable dates are August 29, 2006 if there is a 2-year statute with a 1-year claims provision, or before June 30, 2004 if there is a 4-year statute

-34-

JURY INSTRUCTION NO. 35

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*AUTHORITY*: 3.1 — Duty to Deliberate (3.1 Ninth Circuit Model Civil Jury Instructions)

-35-

1
2
3
4
5
6
7
8
9
10
11

JURY INSTRUCTION NO. 36

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone- including me- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

*AUTHORITY*: 3.2 — Communication with Court (3.2 Ninth Circuit Model Civil Jury Instructions)

-36-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

JURY INSTRUCTION NO. 37

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

*AUTHORITY*: 3.3 — Return of Verdict (3.3 Ninth Circuit Model Civil Jury Instructions)

-37-

[Proposed] JOINT TRIAL JURY INSTRUCTIONS
Case No. C 08-3137-SI

1

JURY INSTRUCTION NO. 38

2

**MITIGATION OF DAMAGES**

3

VCS had a duty to use reasonable efforts to mitigate damages.  To mitigate means

4

to avoid or reduce damages.

5

AP & T has the burden of proving by a preponderance of the evidence:

6

1.    That VCS failed to use reasonable efforts to mitigate damages; and

7

2.    The amount by which damages would have been mitigated.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*AUTHORITY*:  5.3 — Mitigation of Damages (5.3 Ninth Circuit Model Civil Jury Instructions)

-38-

28

JURY INSTRUCTION NO. 39

**DAMAGES – PROHIBITION AGAINST DOUBLE RECOVERY**

Generally, an injured party cannot recover compensation twice for the same injury and thus, the courts can and should preclude double recovery by an individual.  If you return a verdict for VCS, you must award it such sum of money as you believe will fairly and justly compensate it for any injury you believe it actually sustained as a direct result of AP & T's conduct.  In this case, VCS asserts that AP & T breached rate and performance covenants in the IS Agreement, failed to properly account for certain income and expenses, and sold the Telecom System to Comcast without authorization.   If you find that AP & T breached the contract, you must remember, in calculating the damages, that VCS is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence.   Thus, if AP & T breached the contract in more than one respect, but the resulting injury was no greater than it would have been had AP & T violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if AP & T had violated only one of VCS's rights.   Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited.

*AUTHORITY*: *Tavaglione v. Billings*, 4 Cal.4th 1150, 1158-1159 (1993)  ["Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence.  Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited."]); *accord* 23 Cal. Jur. 3d Damages § 14; *see also E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ["As we have noted, 'it goes without saying that the courts can and should preclude double recovery by an individual.'"])

-39-

1

2  DATED:  January 11, 2010             BARTKO, ZANKEL, TARRANT & MILLER
                                        A Professional Corporation
3
                                        By:  /s/
4                                            Robert H. Bunzel
                                             Attorneys for Plaintiff
5                                       VCS COMMUNICATIONS SERVICES, INC.

6

7  DATED:  January 11, 2010             WULFSBERG REESE COLVIG & FIRSTMAN
                                        A Professional Corporation
8

9
                                        By:  /s/
10                                           Gregory R. Aker
                                             Attorneys for Defendant
11                                           City of Alameda

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        -40-
28