IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VECTREN COMMUNICATIONS SERVICES,     No. C 08-3137 SI

        Plaintiff,
v.

**FINAL PRETRIAL SCHEDULING ORDER**

CITY OF ALAMEDA.,

        Defendant.
                                    /

On January 26, 2010, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 8, 2010. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted certain joint proposed jury instructions, and separate sets of contested instructions. No later than **Thursday, February 4, 2010**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing

instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before February 4, 2010.

4. **Trial exhibits**: No later than February 5, 2010, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: Plaintiff estimated that its case would take approximately 8 days and defendant estimated that its case would take approximately 6 days. However, at least 9 of the parties' witnesses are in common, and the summaries indicate substantial overlap in the evidence. Based on these estimates and issues, it is anticipated that all of the evidence can be presented in 11 days, plus time for voir dire, opening statements, instructions and closing argument. Therefore, each side shall have 60 minutes for opening statements; each side shall have 28 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. February 15, 1210 is a federal holiday; court will not be in session that day.

7. **Motions in limine**: The parties filed twelve motions in limine, as follows:

**Plaintiff's motion in limine No. 1:** Relying on a 2004 Release Agreement, plaintiff seeks to exclude all evidence and argument that Vectren's pre-June 2002 or pre-contract activities related to the Telecom System harmed the City in any way. Defendant states that it does not intend to introduce evidence that plaintiff breached any duties, but that the City intends to introduce evidence about how Vectren operated and managed the Telecom System in order to show that the City's operation and management of that system was reasonable. The Court GRANTS the motion as framed, however the City may put on evidence about how Vectren managed and operated the Telecom System.

**Plaintiff's motion in limine No. 2:** Plaintiff seeks to exclude evidence and/or argument relating to defendant's equitable defenses of waiver, estoppel, laches and unclean hands. The Court agrees with the City that the City did not contract away these defenses, and accordingly the motion is DENIED. To the extent plaintiff contends that the jury should not be instructed on these equitable defenses, the Court will address those matters at the jury instruction conference.

**Plaintiff's motion in limine No. 3:** Plaintiff seeks to exclude evidence and testimony relating to the "presentation" and "perfection" of Vectren's claims pursuant to the California Government Claims Act or the April 2004 Amended and Restated Installment Sales Agreement ("ISA"). Plaintiff is not seeking to exclude evidence and testimony regarding (1) whether § 9 of the ISA was intended by the parties to supplant the Government Claims Act or (2) whether some of plaintiff's claims are barred by the statute of limitations. The Court GRANTS the motion as framed.

**Plaintiff's motion in limine No. 4:** Plaintiff seeks to exclude evidence of (1) Vectren's financial performance, (2) the reasons for and decision-making that led Vectren's parent corporation to cause Vectren to cease designing and constructing broadband systems in 2002 and all other activities in early 2004, and (3) Vectren's design/construction and/or consulting work for telecom systems owned and operated by others. The Court GRANTS the motion as framed. However, the Court will permit the City to put on evidence regarding the parties' intent and expectations in entering the 2002 and 2004 agreements. The Court will also permit the City to put on evidence regarding Vectren's experience with other telecom systems to the extent such evidence relates to the City's claims that the City managed and operated the Telecom System consistent with industry standards.

**Plaintiff's motion in limine No. 5:** Plaintiff seeks to exclude cumulative expert

testimony and hearsay expert reports. The motion is DENIED without prejudice to raising specific objections at the time of trial to cumulative evidence. The motion is GRANTED to the extent that hearsay expert reports will not be admitted into evidence.

**Defendant's motion in limine No. 1:** Defendant seeks to exclude evidence relating to plaintiff's accounting allegations for failure to comply with the Government Claims Act. The Court DENIES the motion on the ground that an accounting is an equitable remedy not subject to the claims presentment requirement. Further, even if the presentment requirement applies, the Court finds that Vectren provided the City with pre-litigation notice that Vectren questioned the revenue calculations. The request for an accounting is interwoven with Vectren's other claims, and the claim fairly reflects the facts pled in the complaint.

**Defendant's motion in limine No. 2**: Defendant seeks to exclude testimony by Bruce Jones regarding operating expenses. The Court DENIES the motion, as defendant's objections go to the weight, rather than the admissibility, of Mr. Jones' testimony, and defendant can raise issues about Mr. Jones' areas of expertise and the relevance of his opinions through cross-examination.

**Defendant's motion in limine No. 3**: Defendant seeks judgment on the pleadings, summary judgment, or judgment as a matter of law on plaintiff's claim for an accounting. The Court DENIES the motion because California law does not require a fiduciary relationship for an accounting, and there is a dispute between the parties regarding how much – if any – is owed to Vectren.

**Defendant's motion in limine No. 4**: Relying on Section 9.1(f) of the ISA, defendant seeks a determination that plaintiff's claims arising from its allegations that the City improperly accounted for its net telecom revenues must be based upon fraud or willful misconduct. The Court DENIES the motion, and finds that the language of Section 9.1(f) provides for acceleration and other remedies in the event of a default due to fraudulent accounting, but that the "willful misconduct or fraud" standard contained in Section 9.1(f) does not apply to all claims that the City improperly accounted for revenue.

**Defendant's motion in limine No. 5**: Defendant seeks to exclude references to "notes" "bonds" or "debts" on the ground that those terms are prejudicial because they suggest that the City's obligation to Vectren is a debt, rather than contingent. The Court recognizes the City's concern, and

yet as a practical matter it may difficult to exclude all references to these terms, some of which are included in the titles and descriptions of documents in this case. The City may propose a limiting instruction and/or alternative terminology.

**Defendant's motion in limine No. 6**: Defendant seeks to exclude "voice arguments not supported by contractually-required notice and an opportunity to cure." The Court DENIES the motion, finding that the prelitigation correspondence put the City on notice that Vectren believed the City was in breach by not adding voice capability.

**Defendant's motion in limine No. 7**: Defendant seeks to exclude evidence or argument that any alleged default entitles Vectren to monies beyond Net Series 2002A Revenues actually earned by the Telecom System. The Court DENIES the motion, finding that the City is rehashing the argument it made in summary judgment, namely that there is no claim for breach of the ISA relating to the sale of the Telecom System. As set forth in the summary judgment order, the Court finds that it is ambiguous as to whether the ISA permitted a sale of the System, and thus this question remains for trial.

8. **Further Settlement Conference:** Both retired Judge Michael Ballachey and Magistrate Judge Joseph Spero have previously worked with the parties in efforts to resolve these claims, and either would be willing to continue these efforts upon request. The parties are strongly urged to continue efforts to resolve this dispute by agreement.

**IT IS SO ORDERED.**

Dated: January 27, 2010

SUSAN ILLSTON
United States District Judge

5