IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VECTREN COMMUNICATIONS SERVICES, INC.,

       Plaintiff,

  v.

CITY OF ALAMEDA.,

       Defendant.

No. C 08-3137 SI

**INSTRUCTIONS TO JURY**

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not, and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proof on any claim or defense by clear and convincing evidence, which here applies only to Alameda's affirmative defense of waiver, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence. You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;
2. The exhibits which are received into evidence; and
3. Any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only. If I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND INDIRECT EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness concerning what that witness personally saw or heard or did. Other evidence may prove a fact indirectly. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, evidence of a turned on garden hose may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be

4

answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## ADVICE OF COUNSEL

You have heard testimony from witnesses about consulting lawyers on some of the issues in this case. Any legal advice is not in evidence, and the fact that legal advice was sought or provided should not be considered in evaluating the claims or the defenses in this case.

## EXPERT OPINION

During the trial you heard testimony from expert witnesses. Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions, even if he or she has not witnessed any of the events involved in the trial.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the facts the expert relied upon, and all the other evidence in the case.

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.

You should, therefore, give them only such weight as you think the underlying evidence deserves.

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. The testimony of certain witnesses was presented by videotaped depositions, and certain deposition testimony was read to you. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**BREACH OF CONTRACT - INTRODUCTION**

In these instructions, "Vectren Communications Services, Inc." is referred to as "Vectren," and "Alameda Power and Telecom" is referred to as "Alameda."

The parties agree that Vectren and Alameda entered into the 2004 Installment Sale Agreement.

Vectren claims that Alameda breached certain terms of the 2004 Installment Sale Agreement by failing to properly account for some of the income and expenses from the Telecom System, by failing to comply with performance and rate covenants, and by selling the Telecom System in 2008. Vectren claims that Alameda's breaches of contract caused harm to Vectren for which Alameda should pay.

Alameda denies Vectren's claims, and denies that it breached the 2004 Installment Sale Agreement in any way. Alameda further contends that Vectren has waived any breach of the 2004 Installment Sale Agreement and that Vectren's claims were filed too late.

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To recover damages from Alameda for breach of contract, Vectren must prove all of the following:

1. That Vectren and Alameda entered into a contract, which the parties agree occurred;
2. That Vectren did all, or substantially all of the significant things that the contract required it to do;
3. That all conditions required for Alameda's performance had occurred;
4. That Alameda failed to do something that the contract required it to do; and
5. That Vectren was harmed by that failure.

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – ESSENTIAL FACTUAL ELEMENTS

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of the other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Vectren claims that Alameda violated the duty to act fairly and in good faith. To establish a breach of the covenant of good faith and fair dealing, Vectren must prove all of the following:

1. That Vectren and Alameda entered into a contract;
2. That Vectren did all, or substantially all of the significant things that the contract required it to do;
3. That all conditions required for Alameda's performance had occurred;
4. That Alameda unfairly interfered with Vectren's right to receive the benefits of the contract; and
5. That Vectren was harmed by Alameda's conduct.

## INTERPRETATION—MEANING OF ORDINARY WORDS

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

In deciding what the terms of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract, as well as the circumstances surrounding the making of the contract.

**INTERPRETATION—CONSTRUCTION OF CONTRACT AS A WHOLE**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**INTERPRETATION – CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**INTERPRETATION OF CONTRACTS – SPECIFIC OVER GENERAL**

Where a general provision of a contract is inconsistent with a more specific provision, the specific provision controls.

**WAIVER**

Alameda claims that Vectren gave up its right to have Alameda perform its obligations under the 2004 Installment Sale Agreement. This is called a "waiver." To establish waiver, Alameda must prove both of the following by clear and convincing evidence:

1. That Vectren knew Alameda was required to comply with the contract provisions that are the subject of Vectren's claims in this action; and

2. That Vectren freely and knowingly gave up its right to have Alameda perform these obligations.

A waiver may be oral or written or may arise from conduct that shows that Vectren gave up

10

that right. If Alameda proves that Vectren gave up its right to Alameda's performance of the Installment Sale Agreement, then Alameda was not required to perform these obligations.

## CONTRACT DAMAGES

If you decide that Vectren has proved its claim against Alameda for breach of contract, you also must decide how much money will reasonably compensate Vectren for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Vectren in as good a position as it would have been if Alameda had performed as promised. To recover damages for any harm, Vectren must prove:

1. That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2. That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

Vectren also must prove the amount of its damages according to the following instructions. Vectren does not have to prove the exact amount of damages, but you must not speculate or guess in awarding damages.

## DAMAGES — PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Vectren on Vectren's breach of contract claim, you must determine Vectren's damages, if any. Vectren has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate Vectren for any injury you find was caused by Alameda. It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**MITIGATION OF DAMAGES**

Vectren had a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Alameda has the burden of proving by a preponderance of the evidenced:

1. That Vectren failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone- including me- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.