IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VECTREN COMMUNICATIONS SERVICES,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF ALAMEDA,<br><br>    Defendant.<br>_____/ | No. C 08-3137 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE CLERK OF COURT'S TAXATION OF COSTS** |

    Defendant City of Alameda seeks a reduction in the Clerk's taxation of costs. On March 8, 2010, the jury rendered a verdict in favor of plaintiff Vectren Communications Services ("Vectren") and found that Vectren proved that Alameda breached the parties' contract by improperly accounting for the Net Series 2002A Revenues, and that Vectren suffered $1,948,129 in damages as a result of this breach. On April 20, 2010, the Court entered judgment in favor of Vectren. On August 4, 2010, the Clerk of the Court taxes costs in the amount of $79,688.20 in favor of plaintiff Vectren Communications Services. In an order filed March 22, 2011, the Court denied the parties' post-trial motions.

    Alameda contends that Vectren achieved only limited success at trial, and thus that Vectren is not the prevailing party for purposes of taxing costs. Alameda requests that the Court exercise its discretion and reduce the taxation of costs to zero and direct that each party bear its own costs of litigation. Alternatively, Alameda contends that because Vectren's recovery was one fifth of the damages it requested and because Vectren only prevailed on one of five claims for breach of contract, the Court should reduce the taxation of costs by 80%, to $15,937.64.

    An award of costs to a prevailing party is permitted as a matter of course under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Upon motion for review of the Clerk's taxation of costs,

the Clerk's actions may be reviewed by the Court. Fed. R. Civ. P. 54(d)(1). The Supreme Court has indicated that on review of the Clerk's assessment, it is the district court's responsibility to exercise its own discretion. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227 (1964), *disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987); *see also* Fed. R. Civ. P. 54(d)(1) ("costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs"). While the decision to award or refuse to award costs is left to the discretion of the district court, *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 ( N.D. Cal. 1996), Rule 54 creates a presumption in favor of awarding costs to the prevailing party, *see Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

The Court concludes that Vectren is the prevailing party and that the Clerk's taxation of costs should not be reduced. It is not "necessary for a party to prevail on all of its claims to be found the prevailing party." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009); *see also K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974) (plaintiff that prevailed on two of twelve alleged trade secret claims was the prevailing party). Although Vectren did not prevail on all of its claims, Vectren nevertheless obtained a significant damages award of almost $2 million. On this record, the Court finds that Vectren is the prevailing party and is entitled to the full amount of taxed costs. Accordingly, the Court DENIES Alameda's motion to reduce the Clerk's taxation of costs. (Docket No. 251).

**IT IS SO ORDERED.**

Dated: March 23, 2011

SUSAN ILLSTON
United States District Judge