1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    VECTREN COMMUNICATION SERVICES,              No. C 08-3137 SI

9                         Plaintiff,              **ORDER DENYING ALAMEDA'S
                                                  MOTION FOR DEFENSE COSTS**
10          v.                                    **UNDER CALIFORNIA CODE OF CIVIL
                                                  PROCEDURE 1038**
11
     CITY OF ALAMEDA,
12
                          Defendant.
13
     _____/
14

15          Defendant City of Alameda's motion for defense costs is scheduled for a hearing on April 4,

16   2014.  Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for

17   resolution without oral argument, and VACATES the hearing.

18

19                                   **DISCUSSION**

20          Defendant City of Alameda seeks its fees and costs incurred following the Ninth Circuit's

21   August 2, 2013 memorandum decision.[1]  Alameda contends that "after the Ninth Circuit's decision

22   extinguishing Vectren's accounting claims and thus its sale damages, Vectren maintained this action

23   without reasonable cause and without a good faith belief that there was a justifiable controversy under

24   the facts and law which warranted continuing the action."  Docket No. 313 at 1:11-14.  Alameda seeks

25   its post-remand fees and costs pursuant to California Code of Civil Procedure 1038.  Section 1038

26   _____

27          [1]  The history of this litigation and a detailed discussion of the Ninth Circuit's August 2, 2013
     memorandum decision are set forth in this Court's February 7, 2014 summary judgment order.  This
28   order incorporates that discussion by reference.

provides in part that:

> (a) In any civil proceeding under the California Tort Claims Act or for express or implied indemnity or contribution in any civil action, the court, upon motion of the defendant or cross-defendant, shall . . . determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justiciable controversy under the facts and law which warranted the filing of the . . . complaint. . . . If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party. . . .

> (b) "Defense costs," as used in this section, shall include reasonable attorneys' fees, expert witness fees, the cost of services of experts, advisers, and consultants in defense of the proceeding, and where reasonably and necessarily incurred in defending the proceeding . . . .

Cal. Code Civ. Proc. § 1038.  The California Court of Appeal articulated the standard for deciding a

§ 1038 motion:

> Good faith, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind. . . . A subjective state of mind will rarely be susceptible of direct proof; usually the trial court will be required to infer it from circumstantial evidence.  Because the good faith issue is factual, the question on appeal will be whether the evidence of record was sufficient to sustain the trial court's finding.  Reasonable cause is to be determined objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action.  Once what the plaintiff (or his or her attorney) knew has been determined, or found to be undisputed, it is for the court to decide whether any reasonable attorney would have thought the claim tenable. . . . Because the opinion of the hypothetical reasonable attorney is to be determined as a matter of law, reasonable cause is subject to *de novo* review on appeal.

*Clark v. Optical Coating Laboratory, Inc.*, 165 Cal. App. 4th 150, 182-83 (2008) (internal citation and quotations omitted).  "Section 1038 provides a way for public entities, who are barred from bringing malicious prosecution suits, to recover the cost of defending frivolous suits."  *Id.* at 183.

Alameda contends that after the Ninth Circuit's memorandum decision, Vectren litigated its breach of contract claim based on the sale of the telecom system without reasonable cause and without a good faith belief that there was a justiciable controversy.  Alameda argues, *inter alia*, that (1) the Ninth Circuit reversed the judgment on Vectren's accounting claims, and thus Vectren was precluded from pursuing its breach of contract claim based on improper accounting; (2) the Ninth Circuit remanded only the breach of contract claim for further proceedings on damages; and (3) with the loss of Vectren's accounting claims, it was "obvious" that Vectren did not have any damages because the telecom system

2

failed to generate revenues after the November 2008 sale.

Vectren argues that Alameda has not met its burden to show it is entitled to sanctions under Section 1038. Vectren argues that on remand it simply continued with this litigation in accordance with the Ninth Circuit's mandate. The Court agrees. As Vectren notes, in reversing the jury's verdict on the breach of contract claim, the Ninth Circuit directed "further proceedings" on damages, and the Ninth Circuit did not rule that Vectren did not have any compensable damages from the sale of the system. On remand, a reasonable party would have pursued damages for breach of contract, and indeed, the Court finds that it would have been unreasonable under those circumstances for Vectren to have abandoned its claim for damages after securing a reversal of the jury's verdict. The fact that the Court ultimately agreed with Alameda that Vectren could not recover any compensable damages does not render Vectren's pursuit of damages, under either of the alternative theories it advanced on remand, frivolous.

The Court further finds that Alameda has not demonstrated a lack of good faith in pursuing the damages claims on remand and that there was no "justifiable controversy under the facts and the law." *Clark*, 165 Cal. App. 4th at 183. As the history of this case demonstrates, the issues were legally and factually complex, and Vectren asserted colorable arguments about the damages available for a breach based on the sale of the system.[2]

---

[2] Vectren's lawyer filed a declaration in support of Vectren's opposition. Docket No. 317. In that declaration, Mr. Bunzel stated, *inter alia*, that he believed in good faith that the sale of the telecom system was a breach of the parties' contract and that Vectren was harmed as a result. Alameda contends that Mr. Bunzel's statements at Paragraphs 3-4 of that declaration constitute a waiver of attorney client privilege, and Alameda seeks to conduct discovery into Vectren's attorney client communications as to whether Vectren pursued its damages claims in good faith. In response, Vectren withdrew the two paragraphs at issue in Mr. Bunzel's declaration. Docket No. 320. Vectren also argues that Mr. Bunzel did not waive the privilege because the issue of good faith is part of the Section 1038 statute, and Vectren did not inject that issue into the case. Vectren also denies that it proceeded in bad faith based on the entire record, irrespective of the Bunzel Declaration at paragraphs 3-4, and Vectren notes that it does not have the burden of proving good faith and it need not rely on those paragraphs to defeat Alameda's motion.

The Court agrees with Vectren that there has been no waiver of the privilege because there was no explicit waiver, no intent to waive, and no disclosure of the content of any privileged communication. Further, the Court agrees that Vectren did not affirmatively put the issue of good faith at issue because Vectren was simply responding to Alameda's Section 1038 motion. In any event, the Court has presided over this case since its inception in 2008, and finds that Alameda has not carried its burden to show that Vectren's pursuit of damages upon remand was unreasonable or in bad faith.

United States District Court
For the Northern District of California

**CONCLUSION**

Accordingly, the Court DENIES Alameda's motion for defense costs.  Docket No. 213 in C 08-3137.

**IT IS SO ORDERED.**

Dated: March 27, 2014

_____
SUSAN ILLSTON
United States District Judge